IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**AKELA J. MITCHELL,** §
§
Plaintiff, §
§
v. § Civil Action No. **3:21-CV-3103-L-BH**
§
**GREENVILLE PROPERTY** §
**OWNERS, LLC,** §
§
Defendant. §

**MEMORANDUM OPINION AND ORDER**

Before the court is pro se Plaintiff Akela J. Mitchell's "Motion to Intervene With an Injunction" ("Motion") (Doc. 4), filed December 13, 2021. For the reasons that follow, the court **construes** Plaintiff's Motion as one for injunctive relief and determines that the Motion should be and is hereby **denied**.

## I. Background

On December 13, 2021, Akela J. Mitchell ("Mitchell" or "Plaintiff") brought this action against Greenville Property Owners, LLC ("Greenville"), the leasing company that obtained a judgment against her in Case No. JE-2103461A in the Justice of the Peace Court, Precinct 3, Place 1, Dallas County, Texas, on December 9, 2021. The Judgment entitles Greenville to recover possession of the premises leased by Mitchell, unpaid rent in the amount of $6,036, postjudgment interest, and costs of court. Mitchell alleges that Greenville engaged in unlawful debt collection practices, identity theft, and Fourth Amendment violations. She also alleges that Greenville conspired with the Justice of the Peace to obtain an unlawful and unconstitutional eviction judgment against her, even though she challenged the Justice of the Peace Court's jurisdiction and authority to enter the judgment.

By separate Motion, Mitchell seeks injunctive relief to enjoin Greenville from evicting her from her apartment located at 11911 Greenville Avenue, Apartment 5307, Dallas, Texas, 75243. The date of the impending eviction is unclear from Mitchell's pleadings and Motion. In support of her Motion and request for injunctive relief, Mitchell contends that Greenville engaged in unlawful conduct in violation of the Fair Debt Collection Practices Act ("FDCPA") by: (1) committing unspecified abusive debt collection practices in attempting to collect the debt (unpaid rent); and (2) breaching her right to privacy when it placed the notice of its eviction suit on her front door and in her mailbox. Mitchell argues that Greenville has yet to show her documentation that proves she owes $6,036 in unpaid rent. In addition, Mitchell asserts that, once she challenged the jurisdiction of the Justice of the Peace, he had no legal authority to address the merits of Greenville's eviction suit, and his only option was to dismiss the action, which he failed to do.

## II. Legal Standard for Injunctive Relief

There are four prerequisites for the extraordinary relief of temporary restraining order ("TRO") or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a [TRO] or preliminary injunction can be granted." *Clark*, 812 F.2d at 993 (citing *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985)). Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant a TRO or preliminary injunction. Because injunctive relief in the

form of a TRO or preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (citations omitted).

**III. Discussion**

As a preliminary matter, the court questions whether it has authority to overturn the allegedly unlawful state court judgment at issue or to enjoin Greenville from enforcing the judgment it obtained in state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (explaining that the *Rooker–Feldman* doctrine bars a district court from exercising subject matter jurisdiction when the federal plaintiff seeks to overturn a state judgment); *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013) (per curiam) (affirming the denial of a preliminary injunction, reasoning that the district court lacked jurisdiction under the Anti–Injunction Act, 28 U.S.C. § 2283, to enjoin Wells Fargo from enforcing the judgment entered by a Texas court in a forcible detainer action in which it was determined that Wells Fargo was entitled to possession of the property despite the claims brought by the plaintiff).

Even assuming that the court has jurisdiction, it determines that Plaintiff is not entitled to the injunctive relief requested. Plaintiff's FDCPA claim is insufficiently pleaded to establish a substantial likelihood of prevailing on the merits of this claim. Specifically, Plaintiff's Complaint lacks sufficient facts regarding Greenville's conduct and debt collection practices that, if proved, would establish a violation of the FDCPA.

Additionally, although Plaintiff contends that Greenville has not shown her documentation that proves she owes $6,036 in unpaid rent, she does not deny that she owes this amount. She also does not affirmatively allege or point to evidence that she is current on her monthly rental payments; nor does she offer any explanation as to why she might have been legally justified in not paying the amounts

due for the months in question. As a result, she has not shown that the threatened injury to her outweighs the threatened injury to Greenville or that the granting of injunctive relief will not disserve the public interest that parties to a contract, in this case a written lease, will honor their contractual obligations.

Plaintiff has also failed to establish that there is a substantial threat that irreparable harm will result if an injunction is not granted. Under Texas Rule of Civil Procedure 510.13, a party against whom a writ of possession is issued may stay the judgment in a forcible detainer action pending appeal by filing a supersedeas bond within ten days of entry of the judgment. Here, an appeal bond amount of $7,500 was set in the state court proceeding. *See* Doc. 3-2. Plaintiff, however, has not shown this or other remedies are unavailable or inadequate.

Finally, the FDCPA does not expressly authorize injunctive relief in private actions. *See* 15 U.S.C. § 1692(k) (listing damages and counsel fees as remedies, but not declaratory, injunctive, or other equitable relief). In *Bolin v. Sears, Roebuck & Company*, 231 F.3d 970 (5th Cir. 2000), the Fifth Circuit noted that, "although this circuit has not definitely ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief." *Id.* at 977 n.39 (5th Cir. 2000) (citing cases). Thus, even if Plaintiff prevailed on the merits of her FDCPA claim against Greenville and was able to satisfy the other requirements for injunctive relief, she would not be entitled to a TRO or preliminary injunction.

## IV. Conclusion

For the reasons explained, even assuming that Plaintiff's request for injunctive relief is not barred by the *Rooker-Feldman* doctrine or Anti-Injunction Act, the court concludes that she has not satisfied each of the requirements for injunctive relief under federal law. Plaintiff's Motion is, therefore, **denied**.

**It is so ordered** this 14th day of December, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

On Behalf of:

Sam A. Lindsay
United States District Judge