IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AKELA J. MITCHELL,       )<br>    Plaintiff,              )<br>vs.                              )<br>                                    )<br>GREENVILLE PROPERTY  )<br>OWNERS, LLC,             )<br>                                    )<br>    Defendant.            ) | <br><br>No. 3:21-CV-3103-L-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion to Intervene,* filed on December 15, 2021 (doc. 8). Based on the relevant filings and applicable law, the motion should be **DENIED** for the same reasons as her prior similar motion, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I. BACKGROUND

The plaintiff filed this action against the defendant on December 13, 2021, and moved for injunctive relief to enjoin enforcement of a state court judgment of eviction against her. (*See* docs. 3, 4.) Her motion for injunctive relief was denied by order dated December 14, 2021. (*See* doc. 7.) On that date, she was also notified by *Notice of Deficiency and Order* that she had not paid the applicable filing fee for this case or filed an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) She was ordered to either pay the filing fee or file an IFP application within fourteen days, and specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) The plaintiff was also sent a questionnaire to obtain more information about her claims. (*See* doc. 6.) It specifically advised her that her answers to the questionnaire were due within fourteen days, and that a failure to file her answers could result in the

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

dismissal of her case. (*See id.*)

The day after the orders issued, on December 15, 2021, the plaintiff filed a second motion for injunctive relief that duplicated the first part of her original two-page motion, but appears to add more argument about why her eviction should be enjoined under the Fair Debt Collection Practices Act (FDCPA). (*See* doc. 8.) She also appeared to rely on other statutes and the U.S. Constitution.

Well more than fourteen days from the date of the order and questionnaire have passed, but the plaintiff has not either paid the filing fee or filed an IFP application, and she has not filed her questionnaire answers, or anything else in this case.

## II. INJUNCTIVE RELIEF

As noted, the plaintiff's second motion for injunctive relief repeats her initial arguments and makes additional arguments regarding why this Court should enjoin her eviction. As explained in the *Memorandum Opinion and Order* denying her prior similar motion, the *Rooker-Feldman* doctrine[2] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-22 (2005). "'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme

---

[2] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This jurisdictional bar extends even to those cases "'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). Because the plaintiff seeks to enjoin enforcement of a state judgment for eviction, jurisdiction is lacking.

Additionally, as the Court noted, even if subject matter jurisdiction exists over her claims, she still has not met legal standard for injunctive relief. She has not shown a substantial likelihood of success on the merits. Her motion for injunctive relief should be denied for the same reasons as her first motion.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with orders to either pay the filing fee or file an IFP application and provide answers to the questionnaire despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to follow a court order

or otherwise show that she intends to proceed with this case, it should be dismissed.

## IV. RECOMMENDATION

The plaintiff's motion for injunctive relief should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff either pays the filing fee or files an IFP application and her answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 16th day of February, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE